# EXHIBIT A



AFFIDAVIT INABILITY TO PAY

CAUSE NO. _DC-24-04145_

| | |
|---|---|
| **TARIQ FAROOQ** | **IN THE DISTRICT COURT** |
| | |
| Plaintiff. | |
| | **G-134th** |
| VS. | _____ **JUDICIAL DISTRICT** |
| | |
| **NUCOR BUSINESS TECHNOLOGY INC.** Defendant No. 01. | |
| | |
| **CAPGEMINI AMERICA, INC.** Defendant No. 02. | |
| | **DALLAS COUNTY, TEXAS** |

## PETITION'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Plaintiff Tariq Farooq and files this lawsuit against Defendant No. 01 NUCOR BUSINESS TECHNOLOGY INC. and Defendant No. 02 CAPGEMINI AMERICA, INC. This petition is brought forward due to the following: Including but not limited to violation of Plaintiff's basic religious rights, breach of labor laws, retaliation, harassment, sexual harassment, verbal and financial abuse and discrimination against Plaintiff by the Defendants and their employees, stemming from the Plaintiff's internal reports to his colleagues/supervisors, internal whistleblowing and recommendations for complying with the rules of law. Additionally, the Plaintiff brings this action as a

result of the mental anguish, emotional distress and physical and mental health issues and caused by and suffered due to the illegal and immoral actions of the Defendants and their employees.

## I.

## PARTIES

Plaintiff TARIQ FAROOQ, a 48-year-old South Asian Male of Pakistani ethnic origin and practitioner of the Islamic faith, resides in Collin County, Texas at 3500 S. Echo Trl Plano TX 75023.

Defendant No. 01 NUCOR BUSINESS TECHNOLOGY INC. is a branch of NUCOR CORPORATION, a prominent steel-making group operating with a workforce exceeding 25,000 individuals. Defendant No. 01 is operating under the laws of the State of Texas, with its local office located at 5001 Statesman Dr, Irving, TX 75063.

Defendant No. 02 CAPGEMINI AMERICA, INC., a large consulting organization and one of the main Information Technology (herein referred to "IT") contractors of Defendant No. 01 is responsible for building and maintaining multiple critical IT systems for Defendant No. 01 is also operating under the laws of the State of Texas, with its local office located at 5215 N. O'Connor Blvd. Irving, Texas 75039.

## II.

## SELECTION OF DISCOVERY LEVEL

Plaintiff pleads that discovery should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure 190.3 (Level 2). However, Plaintiff reserves the right for Level 3 Discovery by the order of the court.

## III.

## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because Plaintiff is a resident of Texas and Defendant 01 and Defendant 02 are also doing business in Dallas County, Texas.

Venue in Dallas County is proper in this cause under Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Dallas County

## IV.

## FACTS

The following are not inclusive of all of the incidents and facts that are

encompassed by this lawsuit and include but are not limited to the following.

On November 13th, 2022, the Defendant No. 01, NUCOR BUSINESS TECHNOLOGY INC., hired the Plaintiff, Tariq Farooq, as a full-time Senior Oracle Database Administrator (DBA).

During the course of employment the Plaintiff, Tariq Farooq who is also a recognized speaker and accomplished individual having authored multiple IT books, being an expert in his field was falsely promised during the job interview and multiple subsequent meetings that he would very soon be promoted to an "Architect" level role – this was also announced during team meetings as well – however this never came to be. Very soon after he had joined the company, Plaintiff discovered that the Defendant No. 01 is not complying with certain critical regulations, including but not limiting to Defense Federal Acquisition Regulation Supplement (DFARS), National Institute of Standards and Technology (NIST), Export Administration Regulations (EARs) and other data encryption, data access, and data safety protocols. Despite being a publicly traded corporation and a well-known defense contractor, the Plaintiff discovered that the Defendant 01 and its parent company "NUCOR Corporation" were knowingly, wantonly and willfully violating these mandatory regulations and Defendant 02 was aiding and abetting them in these illegal actions.

It is to be noted here that Defendant 01 and Defendant 02 were effectively structured and working as one team in close coordinator and conjunction with each other for building, maintaining and support critical IT systems for Defendant 01 and its parent company "NUCOR Corporation".

Defendant No. 01 was deceiving and defrauding the government by falsely claiming and certifying that they were implementing data encryption, data access controls, and data safety measures and were in compliance with the aforementioned regulatory compliance programs and regulations. As soon as Plaintiff informed his Managers and Colleagues about his legitimate concerns about a wide range of issues, he effectively became an internal whistle blower about the aforementioned lack of compliance with these mandatory government regulations, data safety, encryption and data access protocols, wasteful spending, outdated technologies and personnel / human skillset deficiencies. Subsequently, both Defendant No. 01 and Defendant No. 2 immediately became retaliatory towards Plaintiff and took a series of perpetual retaliatory steps towards Plaintiff including but not limited to threats, demeaning behavior, abuse, hostile and toxic workplace, sexual harassment and intentional affliction of emotional distress towards Plaintiff eventually leading to his abrupt and wrongful termination under the pretext of baseless and false accusations being made against Plaintiff by

Defendant No. 01 and aided and abetted by Defendant No. 02.

To elaborate further on this retaliatory and illegal behavior, Plaintiff repeatedly informed Managers and Supervisors that Defendant No. 01 was engaging in wasteful spending and practices and Defendant No. 02 was aiding and abetting them – these actions could potentially result in a derivatives lawsuit initiated by the public stock shareholder - Plaintiff, Tariq Farooq being a responsible law abiding citizen and employee after getting aware of these discrepancies and violations of federal and other regulations by the Defendant No. 01, repeatedly informed his lead, supervisors and managers about these violations and how to remediate and fix them. Plaintiff, Tariq Farooq also informed Managers and Colleagues from both Defendant 01 and Defendant 02 that, in addition to regulatory compliance violations, the IT systems in use were outdated, slow, and remained in an unstable state. The frequent breakdown of these systems leads to excessive wasteful costs for the business and shareholders. Additionally, the maintenance of these systems was placing a significant burden on shareholders in terms of time, effort, energy, and labor.

To address these issues, the Plaintiff, Tariq Farooq prepared a comprehensive future state architecture master plan aimed at modernizing and upgrading the various IT systems and bringing the parent company of Defendant 01

"NUCOR Corporation" into compliance with the aforementioned mandated regulations. Implementing these recommendations proposed by Plaintff, Tariq Farooq would also resolve the long-standing problems related to data safety, data security, compliance, performance, high availability, and business continuity, bringing the Defendant No. 01 and its parent company "NUCOR Corporation" into compliance. Plaintiff shared his future state architecture plans, repeatedly with colleagues, supervisors, and managers but was disregarded, dismissed, marginalized, retaliated against, effectively demoted and eventually abruptly terminated in the ultimate form of retaliation.

Despite the Plaintiff's protests, Plaintiff was intentionally compelled by his lead, supervisor, manager, and director to continue on an out-dated approach for setting up a Proof of Concept (POC) project astonishingly all by himself, which was bound to fail due to the use of significantly older versions of the involved technologies – In reality, Plaintiff was being intentionally set up for failure by his superiors and colleagues as part of these retaliatory measures taken by both Defendant 01 and Defendant 02 against Plaintiff.

During the implementation of the said POC, the Plaintiff was subjected to unusually long and cruel working hours, amounting to more than 700+ hours over just four months. These unsually long and cruel working hours continued over the

course of the entire term of the employment with effectively no comp. time off whereas comp. time off was being afforded regularly to other staff.

In addition to the POC being instructed in an impossibly aggressive time schedule, Plaintiff was required to work on-site for his regular job duties as well as work from home during his regular job hours of 8 AM to 5 PM. This ruthless, relentless and inhumane treatment has taken a severe toll on the Plaintiff's health. Plaintiff was also not compensated for the additional hours worked beyond his regular schedule.

Instead of addressing the Plaintiff's concerns and future state architecture plans constructively, Plaintiff was severely retaliated against and effectively demoted - his job duties were reduced to very junior-level tasks inconsistent with his initial senior-level job role e.g. changing passwords in a Tier 1 Support role.

Plaintiff, Tariq Farooq, has formally filed complaints with multiple government agencies to report the illegal activities perpetrated by the Defendant No. 01 and Defendant No. 2.

Plaintiff has been subjected to a retaliatory, hostile, and toxic work environment due to his reporting, highlighting and advocacy of the above-mentioned compliance and system reliability concerns.

Plaintiff, Tariq Farooq, practices his religious obligations as a conservative South

Asian Muslim male, including fasting, daily prayers and friday prayers. Defendant's No. 01's lead, supervisor and colleagues expressed their displeasure about accommodating Plaintiff's religious needs, doing so in a derogatory manner, stating and implying that these were interfering with the Plaintiff's work and meeting schedules.

Plaintiff, Tariq Farooq endured ridicule, yelling, humiliation, shame, derision, sexual harassment, a hostile workplace environment and an effective demotion due to his supervisors' and managers' responses to his regulatory compliance and technology concerns about "NUCOR Corporation" by both Defendant 01 and Defendant 02. Furthermore, as a pattern of emotional and sexual abuse perpetrated by both Defendant 01 and Defendant 02, Plaintiff was subjected to sexual harassment, sexual ridicule and sexual shame by both Defendant 01 and Defendant 02. Additionally, in clear retaliation, the Plaintiff has faced ostracism and exclusion from essential meetings after he effectively became an internal whistle-blower on regulatory compliance, outdated technologies and wasteful spending being perpetrated by Defendant 01 and Defendant 02 in close coordination and collaboration with each other.

Plaintiff repeatedly filed written and oral complaints, outlining the toxic and retaliatory behavior exhibited by supervisors, colleagues and managers from both

Defendant No. 01 and Defendant No. 2. Unfortunately, no action was taken by management from either Defendant No. 01 or Defendant No. 2 to rectify these concerns – instead, colleagues and supervisors from Defendant No. 01 and Defendant No. 2. collectively formed a hostile and combative front against the Plaintiff for raising legitimate compliance and system reliability concerns.

Defendant No. 01 and Defendant No. 02 are fully and completely responsible for these illegal acts of their employees and management.

Plaintiff, Tariq Farooq, has requested a copy of the employment offer contract and/or agreement signed with the Defendant No. 01, NUCOR BUSINESS TECHNOLOGY INC. from HR, but they repeatedly refused to provide such contact and/or agreement.

Plaintiff's supervisors were allowing other employees, teammates and contractors Comp. Time Off for extra hours worked but intentionally and willfully denied Comp. Time Off for extra hours worked by Plaintiff as a clear retaliatory and discriminatory action against Plaintiff.

As a direct result of the Defendant No. 01's managers' and employees' retaliatory and discriminatory actions, the Plaintiff, Tariq Farooq experienced emotional abuse, physical health and mental health issues amongst other serious, significant and negative life-changing issues. This harmful, retaliatory, hostile and toxic work

environment caused health problems and a medical disability for the plaintiff. Due to these health issues caused by Defendant 01 and Defendant 02 and other health issues plaintiff became sick and provided a note from doctor certifying the need for an indefinite work-from-home accommodation based on his medical disability, which the Defendant No. 01's managers and supervisors denied.

During multiple meetings, the Defendant No. 01's HR inquired about intrusive medical details from the Plaintiff, instead of approving his work-from-home request which they were approving for other staff. Defendant No. 01 then forced Plaintiff to obtain another note from his doctor, restricting his work-from-home status only until December 31, 2023.

Subsequently, the Plaintiff asked his Doctor to modify the note from indefinite work-from-home accommodation to only until December 31, 2023 as a temporary measure – subsequently, Plaintiff obtained a note from his doctor certifying his medical disability and need to work from home only until December 31, 2023 after having being forced by Defendant 01 to change and limit it from indefinite to only until December 31, 2023.

The Plaintiff provided all the requested personal health information to Defendant No. 1's HR department and managers/supervisors, but no official approval for work-from-home was given in writing. After initially arbitrarily allowing Plaintiff to work

from home for approximately two months or so, Defendant No. 01 in a retaliatory and discriminatory measure abruptly forced the Plaintiff to return to work on-site in August, 2023 after exhausting all of his own personal Personal-Time-Off (PTO) Leave for 2023. In August, 2023 Defendant No. 01 while being fully and completely aware of Plaintiff's medical condition and disability forced Plaintiff to get a wrong/inaccurate doctor's note stating that Plaintiff was cleared to work from the office - Defendant No. 01 abruptly informed Plaintiff in August 2023 that he would face immediate termination and loss of employment if he was unable to provide such a note from his Doctor that was not actually reflective of his medical condition and disability.

The Plaintiff contends that Defendant No. 01 exhibited arbitrary and unequal treatment regarding work accommodations with regard to his medical disability, as other employees, teammates and contractors were granted exceptional privileges and accommodations, such as remote work from India and work from home despite not having health issues – Other teammates and contractors were allowed to work from home for long periods of time and indefinitely as well for a variety of reasons. Despite the Plaintiff's medical disability and multiple doctor's notes, the accommodation to work from home for Plaintiff was unjustly denied by Defendant No. 01.

The Plaintiff alleges a violation of civil rights through continuous mockery based on religion, country of origin/ancestry, and medical condition by both Defendant No. 01 and Defendant No. 02. The workplace environment endured by Plaintiff can be characterized as constant ridicule related to the Plaintiff's religion, origin, and medical condition, including mocking the petitioner's work experience and books. This discrimination and harassment constitutes a clear violation of Title VII of the Civil Rights Act of 1964.

The Plaintiff claims continuous ridicule and a hostile workplace based on religion, origin, and medical condition, extending to mockery of the Plaintiff's work experience and literary pursuits/accomplishments. The Plaintiff asserts that he was setup for failure in work assignments, followed by targeted shaming in front of the entire team. Both Defendant No. 01 and Defendant No. 02's repeated forceful suggestions for the Plaintiff to leave his employment voluntarily contributed to the Plaintiff's mental torture and health issues.

The Plaintiff asserts that Defendant No. 02 intentionally delayed the execution of tasks related to the Defendant No. 01 contract for purported financial gain for Defendant No. 02.

Defendant No. 01 also engaged in financial abuse by abruptly terminating his employment just a few weeks from the Plaintiff's year-end bonuses for which he

worked very hard for - the Plaintiff would have become eligible for on November 13, 2023 after completion of one year of employment. This act by Defendant No. 1 violates both Federal and Texas State Labor Laws. The Defendants effectively demoted the Plaintiff forcing him to do very junior tasks for months on end, then overloaded the Plaintiff with extra work without prior knowledge transfer or training, repeatedly and effectively setting up Plaintiff for failure in his job tasks. Subsequently, Defendant No. 01 in a direct response to internal whistle-blowing and legitimate concerns and complaints made by Plaintiff wrongly abruptly terminated him by astonishingly making false accusations about Plaintiff - Defendant 02 effectively assisted Defendant No. 01 in wrongful termination of the Plaintiff.

## V.

## COUNT 1 - DISCRIMINATION AND RETALIATION

Defendant No. 01 violated Texas Labor Code, Chapter 21, which prohibits employment discrimination based on race, color, national origin, religion, age, disability, and other protected characteristics. The plaintiff alleges discriminatory actions and a hostile work environment based on his ethnicity and religion. Plaintiff repeatedly informed Managers and Supervisors that Defendant No. 01 NUCOR BUSINESS TECHNOLOGY INC. was engaging in wasteful spending and practices and Defendant No. 2 was aiding and abetting Defendant No. 01 in these actions – he

informed that these actions could potentially result in a derivatives lawsuit initiated by the public stock shareholders – Both Defendant No. 01 and Defendant No. 02 retaliated against Plaintiff as a result of this internal whistle-blowing.

Defendant No. 01 violated Texas Labor Code, Section 21.055, which protects employees from retaliation for reporting violations or raising concerns about non-compliance with state or federal laws. Defendant No. 01 is also in violation of Title VII of the Civil Rights Act of 1964, a federal law that prohibits employment discrimination based on race, color, national origin, religion, and sex. The plaintiff alleges discrimination based on his ethnicity and religion, as well as retaliation for reporting legitimate violations.

Defendant No. 01's actions of allegedly knowingly, deliberately and willfully violating critical regulations, including but not limited to Defense Federal Acquisition Regulation Supplement (DFARS), National Institute of Standards and Technology (NIST), and Export Administration Regulations (EARs), and falsely claiming compliance with  data encryption, access controls, and data safety measures as well as knowingly, willfully and wantonly engaging in wasteful spending amounts to financial misconduct, gross negligence and misrepresentation to shareholders and defrauding government authorities. As the Plaintiff raised concerns internally about these violations and fraudulent activities and faced

retaliation, these Defendant No. 01's actions infringed upon the whistleblower protections including but not limited to Section 806 of Sarbanes Oxley Act (SOX).

Defendant No. 01 is also in violation of Title VII of the Civil Rights Act of 1964, a federal law that prohibits employment discrimination based on race, color, national origin, religion, and sex. The Plaintiff alleges discrimination based on his ethnicity and religion, as well as retaliation for reporting violations.

Furthermore, Plaintiff's supervisors were denying Plaintiff Comp. Time Off for all of his excessive extra work hours as a clear retaliatory and discriminatory action against Plaintiff.

Defendant No. 01 violated Texas Labor Code, Chapter 21, which prohibits employment discrimination based on race, color, national origin, religion, age, disability, and other protected characteristics. The plaintiff alleges discriminatory actions and a hostile work environment based on his ethnicity and religion.

## VI.

## COUNT 2 - HOSTILE WORK ENVIRONMENT, HARASSMENT, SEXUAL HARASSMENT, VERBAL AND EMOTIONAL ABUSE

Both Defendant No. 01 and Defendant No. 02 subjected the Plaintiff to constant ridicule, hostile work environment, yelling, shame, mental torture, humiliating verbal and emotional abuse, compounded by repeated instances of sexual

harassment including but not limited to Defendant No. 01 and Defendant No. 02 personnel on several occasions verbally and sexually harassed the Plaintiff including but not limited to by inappropriately looking and "checking out" various men and women including married men and women in the office and making suggestive unwanted sexual comments to the Plaintiff about the men and women in the office and restaurants and repeatedly made fun of private parts of the Plaintiff, which is the violation of Title VII of the Civil Rights Act 1964 and Texas Labor Code Chapter 21.

## VII.

## COUNT 3 – AMERICANS WITH DISABILITIES (ADA) AND LABOUR LAW VIOLATIONS

Plaintiff alleges that the Defendant No. 01 violated the Americans with Disabilities Act (ADA), a federal law that requires employers to provide reasonable accommodations for individuals with medical disabilities.

Plaintiff alleges that the Defendant No. 02 also violated the Americans with Disabilities Act (ADA), a federal law that requires employers to provide reasonable accommodations for individuals with disabilities.

## VIII.

## COUNT 4 - BUSINESS PRACTICES AND COMPLIANCE ISSUES

Plaintiff also alleges that the Defendant No. 01 violated the Fair Labor Standards Act (FLSA), a federal law that governs wage and hour standards.

Defendant No. 01's act of knowingly and falsely claiming that they were implementing data encryption, access controls, and safety measures is a clear violation of the Texas Penal Code including but not limited to Chapter 37, Section 37.02 – "Perjury" in addition to being a clear violation of Federal Statutes 18 U.S.C. §§ 1621 and 1623. By intentionally providing false information about critical safety measures and compliance efforts, the Defendant No. 01's actions align with the elements outlined in this section, constituting a clear violation of Texas law and Federal Law. Moreover, Defendant No. 01 has unequivocally breached 31 USC 3729 False Claims by engaging in fraudulent and deceitful acts against the United States government. Defendant No. 02 actively supported Defendant No. 01 in engaging in fraudulent activities by aiding and abetting them in such fraudulent and deceitful acts against the United States government.

Defendant No. 01's parent organization "NUCOR Corporation" is in violation of regulations such as DFARS, EARS, National Institute of Standards and Technology (NIST), and other data encryption and data safety protocols and standards - "NUCOR Corporation and its subsidiaries/branches falsely and deceitfully asserted compliance

in various contractual documents to the United States government agencies – Both Defendant No. 01 and Defendant No. 02 clearly violated including but not limited to 18 US code section 2.

## IX.

## COUNT 5: MENTAL ANGUISH AND HEALTH ISSUES

Plaintiff alleges that the retaliatory, discriminatory, and harassing actions by the Defendants and their employees caused the Plaintiff severe and intentional affliction of emotional distress, mental anguish and health issues.

The Plaintiff endured a prolonged hostile, toxic and abusive work environment perpetrated and fostered by the Defendants, including ridicule, shame, yelling, demotion, excessive workload, and interference with religious needs and obligations. This intolerable atmosphere led to the deterioration of the Plaintiff's mental and emotional well-being and health. The Plaintiff experienced anxiety, depression, insomnia, fatigue, humiliation, and loss of self-esteem as a direct consequence of the Defendants' misconduct and aforementioned actions. The Plaintiff's performance of daily activities and normal life functions became impaired.

The Plaintiff's emotional and psychological trauma manifested in objective ways, including but not limited to the medical certification from his doctor requiring work-

from-home accommodation.

The Defendants' actions were extreme, outrageous, and exceeded all bounds of decency, causing the Plaintiff's severe and intentional affliction of emotional distress. The Defendants knew or should have known that their misconduct would likely result in emotional and psychological and medical harm to the Plaintiff.

The Plaintiff has provided extensive factual details outlining the nature, severity and duration of the emotional distress, mental anguish, and disruption of normal life activities suffered as a direct result of the Defendants' extreme, outrageous and intolerable misconduct to his supervisors and colleagues. Instead of rectifying the situation, Plaintiff was abruptly terminated on the basis of false accusations made by the Defendants. The Plaintiff respectfully requests just and fair compensation for the immense emotional and psychological harm inflicted by the Defendants.

## X.

## COUNT 6: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS BY DEFENDANT NO. 2

Defendant No. 02 committed the tort of interference with an existing contract between the Plaintiff and Defendant No. 01.

Specifically, Plaintiff had an employment agreement and contractual relationship

with Defendant No. 01 that entitled him to specific job responsibilities, compensation, benefits, and protections as a Senior Oracle Database Administrator.

Defendant No. 02, through its employees and managers, intentionally and willfully interfered with this contractual relationship to the Plaintiff's detriment in the following ways:

i. Enabled and reinforced managers and supervisors at Defendant No. 1 in fostering a hostile, toxic and abusive work environment for the Plaintiff in order to constructively force his resignation.

ii. Refused to provide appropriate training, setup, and knowledge transfer to the Plaintiff when extra responsibilities were assigned, deliberately setting up the Plaintiff to fail in his job role and duties.

i. Repeatedly interfered with and disrupted the Plaintiff's contractual work and job duties for and with Defendant No. 1.

ii. Restricted the Plaintiff's ability to perform job duties outlined in his original employment agreement by recommending to Defendant No. 1 to assign him significantly junior-level responsibilities.

iii. Actively assisted in effectively demoting the Plaintiff and removing him from his originally contracted senior-level DBA roles without justification.

iv. Recommended to Defendant No. 1. an inhumane and impossible work

schedule including overly excessive working hours during off-job times without compensation.

v.   Committed intentional sabotage of Plaintiff's work and job duties.

vi.  For the aforementioned reasons effectively resulting in his abrupt wrongful termination, effectively denied the Plaintiff contractual benefits such as year-end bonuses and incentive compensation that he was entitled to under terms with Defendant No. 1.

These deliberate actions severely disrupted the Plaintiff's contractual rights and employment agreement with Defendant No. 01, directly causing him tangible harm. Under Texas law, the established elements of tortious interference with an existing contract are fully demonstrated by the following:

i.  An employment contract subject to interference clearly existed between the Plaintiff and Defendant No. 1;

ii.  Defendant No. 2's tortious interference was clearly willful and intentional;

iii. The interference directly led to constructive termination/demotion, causing serious damages;

iv. Plaintiff suffered direct financial loss and intangible harm.

The Plaintiff has clearly established each element required to prove Defendant No.

Plaintiff's Original Petition

2's tortious interference with Defendant No. 1. under Texas law and respectfully requests relief for extensive damages resulting from this conduct.

## XI.

## COUNT 7: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff alleges that the extreme and outrageous misconduct by Defendants No. 01 and No. 02 directly caused severe intentional affliction of emotional distress and long-term psychological harm. The sustained abusive work environment and sustained perpetual harassment inflicted lasting trauma through intentional affliction of emotional distress.

Specifically, Defendants fostered a workplace permeated by ridicule, insults, yelling, public shaming, sexual harassment, religious discrimination, unjust demotion, denial of medical accommodations, and the intentional sabotage of Plaintiff's work. These deplorable acts went far beyond normal civility resulting in profound and sustained psychological attacks on the Plaintiff's resulting in severe mental health issues for the .

The outrageous pattern of mistreatment and attack inflicted upon the Plaintiff was intentional and aimed to force his resignation through emotional distress so extreme no reasonable person could endure it. The callous disregard for basic human dignity

demonstrated recklessness and intent to impose anguish.

As a direct result of these egregious actions, Plaintiff suffered intense psychological abuse leading to lasting clinical depression, anxiety, trauma, insomnia and damage to personal relationships. These concrete diagnoses requiring medical treatment clearly evidence severe affliction of emotional distress intentionally caused by Defendants' misconduct.

**XII**

**COUNT 8: PSYCHOLOGICAL ABUSE AND**

**LONGTERM HARMFUL TRAUMA**

The Plaintiff further contends that Defendants deliberately engaged in workplace psychological abuse of the plaintiff through severe isolation, humiliation, manipulation of duties, public shaming and the cumulative impact of sustained disparagement. These behaviors fall directly under established patterns of psychological abuse. The Plaintiff's diagnosed major clinical depression, pervasive anxiety and trauma-related disorders resulting from Defendants' actions clearly demonstrate psychological abuse leading to long term, substantial impairment of mental health and daily functioning.

No reasonable person could be expected to withstand this persistent psychological

abuse and trauma intentionally imposed on the Plaintiff through Defendants' extreme mistreatment of the Plaintiff. The severe isolation, verbal assaults, harassment, discrimination and manipulation invoked prolonged, clinically significant psychological harm to the Plaintiff.

## XIII.

## COUNT 9: RETALIATION & WORKPLACE RETRIBUTION

The Plaintiff contends Defendants engaged in illegal retaliation and deliberate workplace retribution in response to Plaintiff's protected activities of elevating concerns over regulatory compliance violations, outdated technologies and discrimination.

This sustained, egregious pattern of mistreatment and manipulation was intentionally designed by Defendants to marginalize, threaten and inflict distress upon the Plaintiff for raising legal and ethical issues detrimental to Defendants' interests ultimately resulting in Plaintiff's wrongful termination for reporting legitimate concerns – a protected right, making him a Whistleblower.

The aggressive campaign of demotion, harassment, insults, denial of medical work-from-home accommodation, effective demotion and assigning unhealthy excessive workloads constituted illegal retaliation. These retaliatory activities

followed Plaintiff's complaints over regulatory non-compliance and workplace harassment and discrimination.

The Plaintiff further alleges Defendants' mistreatment imposed documented psychological trauma, distress and severely disrupted Plaintiff's life as unlawful retaliation designed to threaten and marginalize him for his protected opposition to unlawful conduct by the Defendants.

## XIV.

## COUNT 10: WRONGFUL TERMINATION & FINANCIAL ABUSE

Plaintiff contends that Defendant No. 01 in a direct response to the aforementioned internal whistle-blowing and legitimate concerns and complaints made by Plaintiff wrongly abruptly terminated him by astonishingly making false accusations about Plaintiff - Defendant 02 effectively assisted Defendant No. 01 in wrongful termination of the Plaintiff. Plaintiff contends that the defendants subjected the Plaintiff to financial abuse by the actions caused by the abrupt and wrongful termination in addition to lack of comp. time off and excessive/inhumane amount of extra hours worked and including but not limited to emotional distress, harassment lead to the serious and substantial financial abuse of plaintiff by the defendants.

## XV.

## INJUNCTIVE RELIEF

Plaintiff respectfully requests this Honorable Court to issue a permanent injunction requiring the Defendants to immediately come into full compliance with all applicable regulatory and compliance protocols and programs mentioned in the aforementioned facts. Plaintiff also requests the Court to restrain the Defendants from engaging in further illegal activities and defrauding and deceiving the government authorities and agencies.

## XVI.

## COMPENSATORY DAMAGES

Plaintiff requests this Honorable Court to award compensatory damages to the Plaintiff for the aforementioned Counts including but not limited to emotional distress, abuse suffered, mental anguish, psychological trauma and the adverse impact on his health caused by the both Defendant's retaliatory and discriminatory actions.

Plaintiff further requests compensatory damages including but not limited to the plaintiff's loss of promotion opportunities, demotion, reduced job responsibilities and wrongful termination by the Defendants.

## XVII.

## PUNITIVE DAMAGES

Plaintiff respectfully requests this Honorable Court to impose maximum punitive damages against the Defendants including but not limited to as a deterrent for wrongful termination of Plaintiff and Defendants' wanton, willful and knowing violation of wasteful spending, compliance regulations and fraudulent/illegal practices.

## XVIII.

## BACK PAY AND UNPAID WAGES

Plaintiff respectfully requests this Honorable Court to order the Defendants to pay the Plaintiff back pay for the excessive additional hours worked beyond regular working hours, as well as unpaid wages for the inhumane long working hours forced upon him.

## XIX.

## COMPENSATORY DAMAGES FOR HEALTHCARE

Plaintiff claims compensatory damages in healthcare expenses including but not limited to incurred in seeking treatment, therapy, and medical care to address severe emotional distress, mental anguish and other health issues caused by the both Defendant's retaliatory and discriminatory behavior.

## XX.

## ENFORCEMENT OF EMPLOYMENT AGREEMENT

Plaintiff seeks specific performance to enforce the terms of the employment agreement, including obtaining benefits and protections outlined therein, which were breached by the Defendant No. 01.

## XXI.

## REINSTATEMENT OF PLAINTIFF'S ORIGINAL ROLE IN THE COMPANY

Plaintiff respectfully requests this Honorable Court to grant reinstatement to the Plaintiff in his former Senior Oracle Database Administrator (DBA) role with full senior-level job responsibilities and benefits and promotion to an Architect Level role as promised multiple times by his supervisors.

## XXII.

## WORK-FROM-HOME ACCOMMODATION

Plaintiff respectfully request this Honorable Court to order the Defendant No. 01 to accommodate the Plaintiff's medical condition and disability and allow him to work from home, as certified by his Doctor.

## XXIII.

## ATTORNEY'S FEES AND COSTS

Plaintiff requests the Court to award all the cost incurred by the Plaintiff in pursuing this lawsuit.

## XXIV.

### **PREJUDGMENT AND POST-JUDGMENT INTEREST**

Plaintiff requests the Court to award prejudgment and post-judgment interest on all damages awarded to the Plaintiff as allowed by law.

## XXV.

### **"RIGHT TO SUE" LETTERS FROM THE EEOC**

Plaintiff after following all required procedures has attached the U.S. Equal Employment Opportunity Commission (EEOC) "RIGHT TO SUE" Letters against both defendants below.

## XXVI.

### **OTHER RELIEF**

Plaintiff requests the Court to grant any other relief the court deems just and appropriate in the circumstances.

Dated this 19th Day of March, 2024.

Respectfully submitted,

TARIQ FAROOQ

Plaintiff Pro So
brainsurface@yahoo.com
3500 S. Echo Trl Plano TX 75023
+1 (214) 498-9888

## **VERIFICATION**

I, the Plaintiff, Tariq Farooq declare under penalty of perjury and under the laws of State of Texas that the foregoing is true and correct to the best of their knowledge and nothing has been concealed therein.

Dated this 19th Day of March, 2024.

TARIQ FAROOQ

Plaintiff Pro So
brainsurface@yahoo.com
3500 S. Echo Trl Plano TX 75023
+1 (214) 498-9888

## CERTIFICATE OF SERVICE

I, Plaintiff Tariq Farooq, hereby certify that I am serving a true and correct copy of this "Plaintiff's Original Petition" upon the Defendants NUCOR BUSINESS TECHNOLOGY INC. and CAPGEMINI AMERICA, INC. on the below mentioned addresses through a Process Server.

**Defendant No. 01 -** NUCOR BUSINESS TECHNOLOGY INC.: 5001 Statesman Dr, Irving, TX 75063.

**Address Defendant No. 02 -** CAPGEMINI AMERICA, INC.: 5215 N. O'Connor Blvd. Irving, Texas 75039.

Dated this 19th Day of March, 2024.

TARIQ FAROOQ

Plaintiff Pro So
brainsurface@yahoo.com
3500 S. Echo Trl Plano TX 75023
+1 (214) 498-9888

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/18/2024

**To:** Mr. Tariq Farooq
3500 S Echo Trl
Plano, TX 75023
Charge No: 450-2024-03078

EEOC Representative and email:   Avie Murrell
Investigator
avie.murrell@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2024-03078.

On behalf of the Commission,

**Avie Murrell**          Digitally signed by Avie Murrell
                          Date: 2024.03.18 13:44:57 -05'00'

For Travis Nicholson
District Director

**Cc:**
Cary Farris
500 STATEMAN DR STE
Irving, TX 75063

Ryan Krone
Akerman LLP
1300 POST OAK BLVD STE 2300
Houston, TX 77056

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 450-2024-03078 to the

District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2024-03078 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/18/2024

**To:** Mr. Tariq Farooq
3500 S Echo Trl
Plano, TX 75023
Charge No: 450-2024-03080

EEOC Representative and email:     Avie Murrell
Investigator
avie.murrell@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2024-03080.

On behalf of the Commission,

**Avie Murrell**     Digitally signed by Avie Murrell
Date: 2024.03.18 13:36:30 -05'00'

For Travis Nicholson
District Director

**Cc:**
Traci Zalinski
Capgemini
79 5TH AVE FL 3
New York, NY 10003


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 450-2024-03080 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2024-03080 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

FORM NO.
# THE STATE OF TEXAS

# CITATION

**To:**   **CAPGEMINI AMERICA, INC.**
**5215 N O'CONNER BLVD**
**IRVING TX  75039**

No.: **DC-24-04145**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the
expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default
judgment may be taken against you. In addition to filing a written answer with the clerk, you may
be required to make initial disclosures to the other parties of this suit. These disclosures generally
must be made no later than 30 days after you file your answer with the clerk.  Find out more at
TexasLawHelp.org. Your answer should be addressed to the clerk of the **134th District Court** at
600 Commerce Street, Dallas, Texas 75202.

**TARIQ FAROOQ**
vs.
**NUCOR BUSINESS TECHNOLOGY INC.** et
al

Said Plaintiff being **TARIQ FAROOQ**

—
**ISSUED**
**on this the 20th day of March, 2024**

Filed in said Court  **19th day of March, 2024** against

**NUCOR BUSINESS TECHNOLOGY INC.; CAPGEMINI AMERICA, INC.**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

For Suit, said suit being numbered **DC-24-04145,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

By: **MONICA ALVIDREZ**, Deputy

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office  **on this the 20th day of March, 2024**

**Attorney for Plaintiff**
**TARIQ FAROOQ**
3500 S ECHO TRL
PLANO TX  75023
214-498-9888
BRAINSURFACE@YAHOO.COM

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By *Monica alvidrez* , Deputy
   **MONICA ALVIDREZ**



Affidavit Of Inability To Pay

**OFFICER'S RETURN**

Cause No. DC-24-04145

Court No.: 134th District Court

Style: TARIQ FAROOQ
 vs.
NUCOR BUSINESS TECHNOLOGY INC. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**PCT #4**

# CITATION

**To:     NUCOR BUSINESS TECHNOLOGY INC.**
**5001 STATESMAN DR**
**IRVING TX  75063**

No.: **DC-24-04145**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Dallas, Texas 75202.

 Said Plaintiff being **TARIQ FAROOQ**

Filed in said Court  **19th day of March, 2024** against

**NUCOR BUSINESS TECHNOLOGY INC.; CAPGEMINI AMERICA, INC.**

For Suit, said suit being numbered **DC-24-04145,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office  **on this the 20th day of March, 2024**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
 **MONICA ALVIDREZ**

**TARIQ FAROOQ**
vs.
**NUCOR BUSINESS TECHNOLOGY INC. et al**

**ISSUED**
**on this the 20th day of March, 2024**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MONICA ALVIDREZ**, Deputy

**Attorney for Plaintiff**
**TARIQ FAROOQ**
3500 S ECHO TRL
PLANO TX  75023
214-498-9888
BRAINSURFACE@YAHOO.COM



Affidavit Of Inability To Pay

**OFFICER'S RETURN**

Cause No. DC-24-04145

Court No.: 134th District Court

Style: TARIQ FAROOQ
 vs.
NUCOR BUSINESS TECHNOLOGY INC. et al

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed at _____, within the County of _____ at _____
o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

# CIVIL CASE INFORMATION SHEET

FILED
24 MAR 19
G-134th

CAUSE NUMBER *(FOR CLERK USE ONLY):* DC-24-04145    COURT *(FOR CLERK USE ONLY):* G-134th

STYLED TARIQ FAROOQ vs. NUCOR BUSINESS TECHNOLOGY INC & CAPGEMINI AMERICA INC.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: TARIQ FAROOQ  Email: brainsurface@yahoo.com | Plaintiff(s)/Petitioner(s): TARIQ FAROOQ | ☐ Attorney for Plaintiff/Petitioner ☑ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 3500 S. Echo Trl  Telephone: 214.498.9888 | | Additional Parties in Child Support Case: |
| City/State/Zip: Plano TX 75023  Fax: | Defendant(s)/Respondent(s): NUCOR BUSINESS TECHNOLOGY INC. & CAPGEMINI AMERICA INC. | Custodial Parent:  Non-Custodial Parent: |
| Signature:  State Bar No: | *[Attach additional page as necessary to list all parties]* | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

|  |  |  | *Family Law* | |
|---|---|---|---|---|
| | | | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
| **Contract** | **Injury or Damage** | **Real Property** | ☐ Annulment | ☐ Enforcement |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Consumer/DTPA | ☐ Construction | Condemnation | *Divorce* | ☐ Modification—Other |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | ☐ With Children | **Title IV-D** |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ No Children | ☐ Enforcement Modification |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | | ☐ Paternity |
| | ☐ Legal | ☐ Other Property: | | ☐ Reciprocals (UIFSA) |
| *Foreclosure* | ☐ Medical | | | ☐ Support Order |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | |
| ☐ Other Foreclosure | Liability: | **Related to Criminal Matters** | | |
| ☐ Franchise | | | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Expunction | ☐ Enforce Foreign Judgment | ☐ Adoption/Adoption with Termination |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Judgment Nisi | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Non-Competition | *Product Liability* | ☐ Non-Disclosure | ☐ Name Change | ☐ Child Support |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Other Contract: | ☐ Other Product Liability | ☐ Writ of Habeas Corpus— | ☐ Removal of Disabilities of Minority | ☐ Gestational Parenting |
| | List Product: | Pre-indictment | ☐ Other: | ☐ Grandparent Access |
| | | ☐ Other: | | ☐ Parentage/Paternity |
| | ☐ Other Injury or Damage: | | | ☐ Termination of Parental Rights |
| | | | | ☐ Other Parent-Child: |
| **Employment** | | **Other Civil** G.F. | | |
| ☑ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | EMOTIONAL DISTRESS |
| ☑ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | VERBAL ABUSE |
| ☑ Termination | ☐ Code Violations | ☐ Securities/Stock | | FINANCIAL ABUSE |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☑ Tortious Interference | | |
| ☑ Other Employment: HARASSMENT | ☐ Intellectual Property | ☑ Other: (TARIQ FAROOQ vs → SEE ORIG. PETITION) | | |
| SEXUAL HARASSMENT. | | | | |
| **Tax** | | *Probate & Mental Health* | | |
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult | | |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor | | |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health | | |
| | ☐ Other Estate Proceedings | ☐ Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

Rev 2/13