IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARIQ FAROOQ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-920-N-BN |
| | § | |
| NUCOR BUSINESS TECHNOLOGY | § | |
| INC. and CAPGEMINI AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tariq Farooq filed a *pro se* lawsuit against his former employer, Defendant Nucor Business Technology Inc. ("Nucor"), and Defendant Capgemini America, Inc. ("Capgemini") in a Dallas County state court, which Nucor removed to federal court, invoking federal question jurisdiction. *See* Dkt. No. 1.

Chief United States District Judge David C. Godbey referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Seven days after removal, Farooq filed Plaintiff's Objections and Response to Defendant's Notice of Removal [Dkt. No. 6], which the Court should construe as a motion to remand under 28 U.S.C. § 1447(c).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the construed motion to remand.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." 28 U.S.C. § 1447(c). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

So, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," but, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Schacht*, 524 U.S. at 392 (cleaned up; citing 28 U.S.C. § 1447(c)); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d

- 2 -

1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

## Analysis

As always, the Court must start with jurisdiction. And, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

An alleged federal claim is the jurisdictional basis for removal here. *See* Dkt. No. 1, ¶ 7 ("This action could have originally been brought in federal court as Plaintiff has brought a claim against Nucor pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, as amended, and the Fair Labor Standards Act, each a federal statute.").

But Farooq asserts that "[t]he vast majority of [his] claims arise under Texas statutory and common law, completely independent of any federal issues" and that, while he does cite Title VII and the ADA in his state court petition, Nucor's "reliance on [his] citations to Title VII and the ADA is similarly misplaced. Plaintiff has not asserted any causes of action under these federal statutes. He merely mentions them to support his allegations that Defendant's actions were discriminatory and violated Texas law." Dkt. No. 6 at 15-16; *see also, e.g., id.* at 17 ("Finding federal jurisdiction here merely because the employer is alleged to have violated some federal regulations while mistreating its employees would sweep an enormous volume of quintessential

state law cases into federal court.").

There can be no dispute that "[t]he plaintiff is the master of his complaint. If he chooses to rely solely on state law, he may do so even if his allegations might also support a claim for relief under federal law." *Preston v. Mossbarger*, No. 3:15-cv-1903-N, 2015 WL 4742549, at *3 (N.D. Tex. Aug. 10, 2015) (quoting *Leach v. Indiana*, No. l:07-cv-1376-DFH-JMS, 2007 WL 4256440 (S.D. Ind. Nov. 30, 2007)); *accord Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001).

And, where the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim," *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), the mere citation to a federal statute in a plaintiff's state court petition absent allegations to support a claim under federal law will not provide for removal jurisdiction under Section 1331.

But a plaintiff's citing a federal statute and alleging facts to support a violation of that statute is enough to carry a removal defendant's burden to show a foundation for a nonfrivolous and not insubstantial violation of federal law. *See, e.g., Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at *2 (N.D. Tex. Aug. 25, 2023) ("Chapman expressed at the outset of her state court petition that '[t]his is an action at law and in equity to redress violations of Title VII of the Civil Rights Act of 1964,' *Chapman II*, Dkt. No. 1-1, ¶ 4, and then alleged facts to show how Title VII applies to her claims, *see id.*, ¶¶ 6-17. And, by including factual allegations that 'imply the applicability of the [federal] statute' cited in the state court petition, *Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL 4503013, at *5 (S.D. Tex. Sept.

30, 2021), Chapman alleged more than 'the existence of a frivolous or insubstantial federal question,' *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citation omitted), and thereby alleged a basis for jurisdiction under Section 1331."), *rec. adopted*, 2023 WL 6300577 (N.D. Tex. Sept. 27, 2023).

That is what Farooq did here. *See, e.g.*, Dkt. No. 1-1 at 4-14 (setting out facts over multiple pages and concluding that "[t]he workplace environment endured by Plaintiff can be characterized as constant ridicule related to the Plaintiff's religion, origin, and medical condition, including mocking the petitioner's work experience and books" and that "[t]his discrimination and harassment constitutes a clear violation of Title VII of the Civil Rights Act of 1964"). *Compare id.*, *with, e.g.*, *Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) ("Hostile work environment is a specific discrimination claim under Title VII," which "prohibits discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[, color, religion, sex, or national origin].'" So, "[w]hen a workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." (cleaned up)).

Consequently, Farooq's case was removable under Section 1331. *See Tobacco & Wine, Inc v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791-92 (N.D. Tex. 2020) ("Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal." (citing

*Medina*, 238 F.3d at 680)).

Moving past jurisdiction, Farooq further alleges that "it is important to note that [Capgemini] has not joined or consented to [Nucor's] Notice of Removal." Dkt. No. 6 at 18.

"To effectuate proper removal, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *Bailey v. Blue Cross & Blue Shield of Tex.*, 504 F. Supp. 3d 591, 594 (S.D. Tex. 2020) (quoting 28 U.S.C. § 1446(b)(2)(A)). "This is referred to as the 'rule of unanimity' and requires 'that all defendants to an action either sign the original [notice of] removal or timely file written consent to the removal ... within thirty days of services of the state-court petition.'" *Id.* (quoting *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015)). And "[t]he defendants who remove the case 'bear the burden of establishing compliance with the rule of unanimity.'" *Id.* (quoting *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015)).

"[T]he failure to join in the removal petition is procedural and 'not a jurisdictional defect.'" *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 (5th Cir. 2018) (per curiam) (quoting *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990)). But Farooq has raised this alleged defect in a timely motion. So the Court may consider it as a basis for remand.

"In the Fifth Circuit, a removing defendant's mere representation that the remaining defendants have consented does not, by itself, satisfy § 1446(b)(2)(A)." *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-cv-1773-M, 2012 WL

5355958, at *2 (N.D. Tex. Oct. 30, 2012) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); footnote omitted); *see id.* at *3 (concluding that, "in order to satisfy the Fifth Circuit's demanding interpretation of § 1446(b)(2)(A), defendants must submit their consent to the court within thirty days of being served" because "*Getty Oil* requires more than a written indication of consent from each served defendant; it requires such consents to be 'timely filed' with the court" (emphasis omitted; citing *Getty Oil Corp.*, 841 F.2d at 1262 n.11)).

So Nucor's representation in the notice of removal that "[a]ll defendants have been properly joined and served in the state court action, and join in or consent in the removal of this case to federal court," Dkt. No. 1, ¶ 8, is not itself sufficient to satisfy the unanimity requirement in Section 1446(b)(2)(A) as interpreted by controlling law in this circuit.

But the state court record attached to the notice further reflects – contrary to Nucor's representation – that Capgemini was not properly served in the state court prior to removal. *See* Dkt. No. 1-2 at 2-4; Dkt. No. 1-3 at 3 (reflecting that service was returned unexecuted). *Cf. Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) ("When 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))))).

So Capgemini's consent was not required. *See Bailey*, 504 F. Supp. 3d at 594

("A codefendant who has not been served when the notice of removal is filed need not consent to it." (citing *Getty Oil Corp.*, 841 F.2d at 1261 n.9)).

And, given the record as to proper service (or lack thereof) on Capgemini, the undersigned further finds that Capgemini's April 23, 2024 motion to dismiss [Dkt. No. 10] in which it affirms consent, *see id.* at 8 ("Prior to filing the Notice of Removal, counsel for Nucor sought and obtained Capgemini's consent to removal, and advised the Court (and Plaintiff) of Capgemini's consent in the Notice of Removal." (citation omitted)), would comply with *Getty Oil*'s timely-filed-consent requirement if that requirement does apply here.

That is, if the requirement somehow does apply here, it would follow that written consent filed eight days after removal to federal court is timely filed under *Getty Oil* where the state court record attached to the notice of removal reflects that the consenting defendant had not been properly served prior to removal.

For these reasons, the construed motion to remand should be denied.

## Recommendation

The Court should deny Plaintiff Tariq Farooq's construed motion to remand [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 25, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE